IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


WILLIAM DAMEWORTH,                              Civ. No. 07-6159-AA

        Plaintiff,                    OPINION AND ORDER

   v.

POPE & TALBOT, INC.
a Delaware Corporation,

        Defendant.
_____

Kevin T. Lafky
Larry L. Linder
Haley Percell
Laftky & Lafky
429 Court Street NE
Salem, OR 97301
    Attorneys for plaintiff

Bradley F. Tellam
Barbara A. Brainard
Robin B. Bowerfind
Stoel Rives
900 SW Fifth Avenue, Suite 2600
Portland, OR 97204
    Attorneys for defendant

AIKEN, Judge:

Following his termination of employment by defendant, plaintiff filed suit alleging: (1) wrongful discharge; (2) intentional infliction of emotional distress; and (3) reckless infliction of emotional distress. Currently before the court is defendant's Motion to Dismiss plaintiff's second and third claims for relief, intentional infliction of emotional distress and reckless infliction of emotional distress. For the reasons that follow, defendant's Motion to Dismiss (doc. 3) is granted, and plaintiff is granted leave to amend the complaint.

## I. Factual Background

For the purposes of this motion, the court accepts the allegations of plaintiff's complaint as true.

Plaintiff began working for defendant on February 21, 1994, as an environmental manager. Plaintiff regularly received merit raises and commendations during the eleven years that he worked for defendant.

Plaintiff contends that during the course of his employment and while acting within the scope and course of his position as environmental manager, he brought forth several documented concerns regarding defendant's compliance with state and federal regulations. In 2004, as required by law, plaintiff submitted test results to the EPA that defendant was not in compliance with air pollution control. Plaintiff further alleges that he witnessed, and reported to defendant, evidence of state law violations of a requirement that blasting equipment be enclosed or otherwise

controlled to minimize visible emissions.

In June 2005, plaintiff was on vacation. During this time, plaintiff alleges that his supervisor interviewed his co-workers regarding any inappropriate material on plaintiff's work computer, and that several employees indicated they had seen inappropriate materials on the computer. Plaintiff maintains that Bruce Brown searched the computer but did not find inappropriate emails or evidence that plaintiff had visited inappropriate web sites. However, Brown found inappropriate images that once were saved to the computer hard drive and then deleted.

On or about June 27, 2005, Wayne Henneck met with plaintiff and discussed inappropriate use of his work computer. Plaintiff stated that he had not visited inappropriate websites, but had checked his personal email from the computer. Plaintiff alleges that he received junk mail in his personal email and some of these messages contained inappropriate material, which he immediately deleted. At defendant's request, plaintiff agreed to stop viewing his personal emails at work.

On July 14, 2005, defendant terminated plaintiff's employment. Defendant informed plaintiff that he was terminated because inappropriate material was found on his computer and that he had violated defendant's Code of Business Conduct and Ethics. Defendant did not specify what inappropriate material was found.

Plaintiff alleges defendant's reasons for his termination were pretextual and that plaintiff was fired in substantial part because of his complaints regarding defendant's environmental practices.

Plaintiff further maintains that other employees used work computers for personal uses and other similarly situated employees engaging in similar conduct were not terminated.

## II. Discussion

Defendant moves to dismiss plaintiff's claims of intentional infliction of emotional distress and reckless infliction of emotional distress. Pursuant to Rule 12(b)(6), dismissal of an action is permitted for "failure to state a claim upon which relief can be granted[.]" When ruling on such a motion, the court must accept all facts alleged in a well-pleaded complaint as true and construe them in a light most favorable to the plaintiff. See Karam v. City of Burbank, 352 F.3d 1188, 1192 (9th Cir. 2003) (citing Zimmerman v. City of Oakland, 255 F.3d 734, 737 (9th Cir. 2001)).

A well-pleaded complaint requires only that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A federal claimant is not required to detail factual allegations supporting claims for relief. Bell Atl. Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955, 1964 (2007). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965 (requiring plaintiff to provide more in a claim than "labels and conclusions, and a formulaic recitation of the elements in a cause of action will not do").

A.  Intentional Infliction of Emotional Distress

Defendant argues that plaintiff's intentional infliction of emotional distress claim should be dismissed because the complaint does not allege any conduct that was an extraordinary transgression of the bounds of socially tolerable conduct.  I agree.

To establish a claim for IIED under Oregon law, a plaintiff must show that:  (1) defendant intended to cause plaintiff severe emotional distress or knew with substantial certainty that their conduct would cause such distress; (2) defendant's conduct extraordinarily transgressed the bounds of socially acceptable behavior; and (3) plaintiff in fact suffered severe emotional distress.  Checkley v. Boyd, 198 Or. App. 110, 124, 107 P.3d 651 (2005).  The intent element is met if the actor intends to inflict severe emotional distress or knows that emotional distress is certain or substantially certain to result from the actor's conduct.  McGanty v. Staudenraus, 321 Or. 532, 550, 901 P.2d 841, 853 (1995).

It is well established in Oregon that the tort of IIED "does not provide recovery for the kind of temporary annoyance or injured feelings that can result from friction and rudeness among people in day-to-day life."  Hetfeld v. Bostwick, 136 Or. App. 305, 308, 901 P.2d 986 (1995).  Rather, the conduct must be "outrageous in the extreme."  Id.; see also Watte v. Edgar Maeyans, Jr., M.D., P.C., 112 Or. App. 234, 239, 828 P.2d 479 (1992) (accusing employees of being liars and saboteurs did not support claim for IIED); Snyder v. Sunshine Dairy, 87 Or. App. 215, 217-218, 742 P.2d 57 (1987)

5 - OPINION AND ORDER

(allegations that employer publicly ridiculed plaintiff and unjustly criticized work performance did not rise to the level of intolerable conduct).

Plaintiff alleges in his complaint that defendant talked with other employees about inappropriate images on plaintiff's work computer, discussed and requested that plaintiff not check his personal emails at work, and allegedly fired plaintiff because he reported violations of state law. Even if plaintiff's allegations are true, defendant's actions as set forth in the complaint do not rise to conduct that exceeds the boundaries of socially acceptable behavior under Oregon law. For these reasons, defendant's Motion to Dismiss plaintiff's second claim for relief, intentional infliction of emotional distress, is granted.

B. Reckless Infliction of Emotional Distress

Defendant argues that the reckless infliction of emotional distress claim should be dismissed because it does not exist as a cause of action in Oregon. Alternatively, defendant argues that even if it does exist, plaintiff's claim does not allege sufficiently outrageous conduct.

I disagree with defendant's unequivocal characterization that RIED does not exist as a cause of action in Oregon. Nonetheless, plaintiff's complaint does not sufficiently allege facts that allow for recovery under a RIED claim.[1]

---

[1] Because I grant defendant's motion to dismiss the RIED claim based on insufficient pleading, I do not consider defendant's argument that the claim is barred by Worker's Compensation.

A plaintiff may recover for RIED damages under three specific circumstances in Oregon. See, e.g., Navarette v. Nike, Inc., 2007 WL 221865, Civ. No. 05-1827-AS, at *4 (D. Or. Jan. 26, 2007) (discussing when damages may be recovered for RIED in Oregon). First, a plaintiff may recover under RIED when accompanied by a physical injury. Drake v. Mut. of Enumclaw Ins. Co., 167 Or. App. 475, 487, n. 3, 1 P.3d 1065 (2000). Second, "Oregon allows recovery for emotional distress without accompanying physical injury under narrow circumstances, including when a defendant's conduct infringes on a plaintiff's legally protected interest." Rathgeber v. Hemenway, Inc. 335 Or. 404, 414, 69 P.3d 593 (2003). Third, a plaintiff may recover under either reckless or negligent infliction of emotional distress in circumstances where there is a duty to protect against psychological harm. See Rathgeber, 335 Or. at 415, (discussing duty to protect from emotional harm in malpractice context)(citing Curtis v. MRI Imaging Servs., 327 Or. 9, 14-15, 956 P.2d 960 (1998)); Simons v. Beard, 188 Or. App. 370, 376, 381-82, 72 P.3d 96 (2003); Shin v. Sunriver Preparatory Sch., Inc., 199 Or. App. 352, 111 P.3d 762 (2005) (holding that school owed a heightened duty of care to student to protect from negligently inflicted emotional harm).

In the present case, plaintiff alleges harm to the legally protected interest of not being wrongfully terminated. Plaintiff also maintains that Oregon law recognizes a special relationship between employer and employee, warranting a reduced level of intent for a RIED claim.

"[T]he terms 'legally protected interest' refers to an independent basis of liability separate from the general duty to avoid foreseeable risk of harm." Phillips v. Lincoln County Sch. Dist., 161 Or. App. 429, 432-33, 984 P.2d 947, 949 (1999). Further, "emotional distress damages cannot arise from infringement of every kind of legally protected interest, but from only those that are 'of sufficient importance as a matter of public policy to merit protection from emotional impact.'" Lockett v. Hill, 182 Or. App. 377, 380, 51 P.3d 5 (2002) (citing Hilt v. Bernstein, 75 Or. App. 502, 515, 707 P.2d 88 (1985)). See also Stevens v. First Interstate Bank of California, 167 Or. App. 280, 292-93, 999 P.2d 551 (2000) (Wollheim, J., dissenting) (reviewing types of legally protected interests that have allowed for emotional distress recovery in Oregon). Plaintiff does not cite any Oregon cases holding that wrongful termination is a type of legally protected interest that enables recovery under RIED.

Moreover, Oregon law has explicitly rejected plaintiff's contention that a special relationship exists between employer and employee to establish a RIED claim. As defendant correctly notes, the Oregon Supreme Court held in McGanty that the relationship between an employer and employee is not sufficient to establish a claim for RIED. McGanty, 321 Or. at 548; see also Snead v. Metro. Prop., 909 F. Supp. 775, 779 (D. Or. 1996) (recognizing that Oregon law does not permit a RIED claim in an employment dispute).

Regardless, the complaint does not sufficiently allege socially intolerable behavior by defendant to support the conduct

8 - OPINION AND ORDER

element of a RIED claim. Defendant's conduct must be extremely outrageous, not merely rude, tyrannical, churlish or mean. <u>Watte</u>, 112 Or. App. at 239, 828 P.2d 479. As discussed above, plaintiff does not allege conduct by defendant that falls outside the bounds of socially acceptable behavior. For these reasons, I grant defendant's motion to dismiss the RIED claim.

C. Leave to Amend Complaint

Plaintiff requests leave to amend his complaint to allege sufficient facts for intentional infliction of emotional distress and reckless infliction of emotional distress.

Under Federal Rule of Civil Procedure 15(a), leave to amend pleading "shall be given freely when justice so requires." The court may consider several factors when considering a motion to amend: (1) undue delay; (2) bad faith; (3) prejudice to the opponent; and (4) futility of amendment. <u>Sweaney v. Ada County</u>, 119 F. 3d 1385, 1392 (9th Cir. 1997). Here, I find amendment futile with respect to plaintiff's RIED claim because plaintiff cites no Oregon authority that permits an RIED claim in these circumstances. However, plaintiff is granted leave to amend the complaint to allege the socially intolerable conduct giving rise to his claim of intentional infliction of emotional distress.

### III. Conclusion

For the reasons discussed above, defendant's Motion to Dismiss plaintiff's Second and Third Claims for Relief (doc. 3) is GRANTED. Plaintiff shall file an amended complaint with respect to his claim for intentional infliction of emotional distress within twenty (20)

days from the date of this order.

IT IS SO ORDERED.

Dated this __25__ day of October, 2007.


                   /s/ Ann Aiken
                    Ann Aiken
            United States District Judge